Andrea M. Tytell, Attorney at Law SBN: 166835
LAW OFFICES OF ANDREA M. TYTELL
2121 Rosecrans Avenue, Suite 1350
El Segundo, California 90245
Telephone: (310) 416-9710

Attorneys for Plaintiff Vocha Blake as Parent/Guardian ad Litem of JB

FILED
CLERK, U.S. DISTRICT COURT
NOV 20 2013
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV13-8370 MWF (JCGx)

VOCHA BLAKE as Parent/Guardian ad Litem of JB,

Plaintiff,

vs.

INGLEWOOD UNIFIED SCHOOL DISTRICT; THE BOARD OF EDUCATION FOR INGLEWOOD UNIFIED SCHOOL DISTRICT; LA TANYA KIRK-CARTER, individually and in her official capacity as State Administrator and Assistant Superintendent of Business Services for Inglewood Unified School District; KENT TAYLOR, individually and his official capacity as Superintendent of Inglewood Unified School District; TIA BELT-BROWN, individually and in her official capacity as Principal of Highland Elementary School; DR. GREGORY ALEXANDER, individually and in his official capacity as Director of Special Education for Inglewood Unified School District; BECKY CHOI, individually and in her official capacity as Special Education Teacher for Inglewood Unified School District; JAROD JAY, individually and in his official capacity as Special Education Aide; PARENTS OF SB, a Minor and DOES 1 through 10, inclusive,

Defendants.

Civil Action No.

**COMPLAINT FOR DAMAGES**

1. Violation of 42 U.S.C. §1983
2. Violation of Title II of the Americans With Disabilities Act
3. Negligence
4. Intentional Infliction of Emotional Distress
5. Negligent Infliction of Emotional Distress
6. Violation of California Civil Code§1714.1

**JURY TRIAL REQUESTED**

LODGED
CLERK, U.S. DISTRICT COURT
NOV 12 2013
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

PLAINTIFF ALLEGES:

I.

**JURISDICTION AND VENUE**

1. This is an action brought pursuant to the laws of the United States of America, to wit: 42 U.S.C. §1983, 42 U.S.C.§1988 and 42 U.S.C. 12101, et seq. (Americans With Disabilities Act). The jurisdiction of this Court is predicated upon the above and 28 U.S.C. §1331. The amount in controversy exceeds the sum of seventy five thousand dollars exclusive of interest and costs. Plaintiffs also assert that inherent in the enforcement powers of the Fourteenth Amendment, specifically §5 thereof, Congress has granted this Honorable Court, the power and ability to abrogate any and all immunity claims or defenses advanced by Defendants in order to perfect and maintain Plaintiff's rights which includes guaranteed constitutional and civil rights.

2. In addition, this Court has the power to invoke supplemental jurisdiction pursuant to 28 U.S.C. §1367(a). Supplemental jurisdiction is appropriate as to the state causes of action as they arise from the same "common nucleus of operative facts" as do all of the federal claims stated herein.

3. Venue is proper pursuant to 28 U.S.C. §1391. All events pled herein, occurred within the jurisdictional boundaries of the Central District of California.

4. Pursuant to the California Government Tort Claims Act, Plaintiff conferred timely notice of the instant claims on May 2, 2013. The rejection of said claims occurred on May 16, 2013. The filing of this Complaint is within six months of the date of rejection by the governmental entities named herein.

5. Plaintiff has exhausted all administrative remedies thus rendering this matter ripe for adjudication.

**II.**

**THE PARTIES**

6. JB is currently ten years old and attends Switzer Learning Center, a non-public school participating in a master contract with Inglewood Unified School District (hereinafter "IUSD"). JB is eligible for special education and related services in conformity with the

Individuals with Disabilities Education Act, U.S.C. Title 20, §1400 et seq. JB currently qualifies for special education and related services under the eligibility category of autism and speech and language impairment. Due to the severity of his disabilities as well as JB's emotional reaction to the events complained of herein, he requires a highly specialized, structured, consistent and predictable educational environment. JB also requires a small classroom with a low student to teacher ratio. JB's cognitive ability is well below average. He also has deficits in visual perception and auditory processing.

7. At all times relevant, JB has been afflicted with autism and the manifestations thereof. He evidences poor communication and social skills as well as poor frustration tolerance. JB has significant developmental delays which render him naive, vulnerable and trusting of peers and students alike. JB's autism affects his health, strength and vitality while rendering him unable to function normally and attentively in a traditional classroom setting.

8. Plaintiff Vocha Blake (hereinafter "Plaintiff") is the mother and Guardian Ad Litem of JB. During all times mentioned herein, JB has lived with Plaintiff and has looked to her for her care, support and comfort.

9. Defendant IUSD was and is a governmental subdivision of California, duly authorized and empowered to establish, maintain, operate, and administer a system of public schools within the City of Inglewood, County of Los Angeles, California. At all times relevant, Defendant, IUSD received federal funds to operate its educational programs.

10. Defendant BOARD OF EDUCATION for IUSD (hereinafter "BOARD"), was and is a legal entity for purposes of suit within the State of California, County of Los Angeles. BOARD is duly authorized and empowered to make and enforce policies and procedures to effectuate the legal mandates of the law. BOARD receives federal funds intended to benefit IUSD's educational programs. In order to receive federal funds, BOARD, on behalf of IUSD must promise not to discriminate against any special education student and to uphold all laws to the fullest extent as intended by Congress and State Legislative bodies.

11. Defendant TANYA KIRK-CARTER, (hereinafter "CARTER") an individual, was and is a resident of the State of California. Plaintiff is informed and believes and thereon alleges that CARTER is employed by the California Department of Education and assigned

as a State Administrator and Assistant Superintendent of Business Services for IUSD, assigned to oversee issues pertaining to the operation of IUSD, specifically their special education programs and services. Plaintiff has no current information about the residence of CARTER and therefore cannot make any good faith assertions about her residence at this time. Plaintiff will amend/supplement this Complaint when said information is ascertained.

12. Defendant KENT TAYLOR (hereinafter "TAYLOR"), an individual, was and is a resident of the State of California, County of Los Angeles. At all times relevant, TAYLOR was employed by IUSD as its Superintendent.

13. Defendant TIA BELT-BROWN (hereinafter "BROWN") an individual, was and is a resident of the State of California, County of Los Angeles. At all times relevant, BROWN was employed by IUSD as the Principal of Highland Elementary School.

14. Defendant DR. GREGORY ALEXANDER (hereinafter"ALEXANDER"), an individual was and is a resident of the State of California, County of Los Angeles. At all times relevant, ALEXANDER was employed by IUSD as the Director of Special Education until he was terminated during the summer of 2013.

15. Defendant BECKY CHOI, (hereinafter "CHOI"), an individual was and is a resident of the State of California, County of Los Angeles. At all times relevant, CHOI was employed by IUSD as a special education teacher and was assigned to teach and supervise JB.

16. Defendant JAROD JAY, (hereinafter "JAY"), an individual was and is a resident of the State of California, County of Los Angeles. At all times relevant, JAY was employed by IUSD as a Special Education Aide, specifically assigned to provide supervision, care and educational facilitation for JB.

17. Defendants PARENTS OF SB, a minor are individuals residing in the State of California, County of Los Angeles. At all times relevant, PARENTS OF SB knew that SB possessed particular propensities to be a bully, who was also physically and sexually aggressive. Despite this knowledge, PARENTS OF SB failed to obtain proper treatment for SB, to properly supervise him and to warn others of SB's dangerous propensities.

18. At all times relevant, Defendants were on actual notice of and were keenly aware

of JB's well documented disabilities. Defendants are liable in their individual capacities due to their maintenance of an official custom and policy of failing to supervise and protect vulnerable special education students like JB while concurrently failing to notify parents of any harm that befalls their children while in school. In addition, Plaintiff alleges that Defendants maintained an inadequate custom and policy relating to the training and supervision of IUSD administrators and staff as necessary to protect students like JB from harm. Said inadequacy of training and supervision is the corner stone of the harm suffered by JB.

19. At all times relevant, the doctrine of "In Loco Parentis" was and is applicable to all Defendants and DOES 1 through 10. The doctrine of "In Loco Parentis' applies to all enumerated Defendants because each of them, by virtue of their obligations, employment and relationship to JB is charged factitiously with a parent's rights, duties, and responsibilities during the time JB was entrusted to their care for educational purposes.

20. At all times relevant, the doctrine of "In Loco Parentis" imposes a special duty upon all of the Defendants including DOES 1 through 10 to protect the rights, health, safety and welfare of JB while he was entrusted to their care for educational purposes.

21. Plaintiff is unaware of the true names and capacities of the parties sued herein as DOES 1-10, inclusive and therefore sue said parties by their fictitious names. Plaintiff will seek leave to amend this Complaint when their true names and capacities have been ascertained. Plaintiffs are informed and believe and on the basis of such information and belief allege that said DOE Defendants are responsible in some manner for the acts and omissions alleged herein.

22. Plaintiff alleges that at all relevant times, Defendants were the agents and/or employees of each of their Co-Defendants and in doing the acts alleged herein, were acting in the course and scope of that agency and/or employment.

## III.

## GENERAL ALLEGATIONS

23. The events complained of occurred at Highland Elementary School located within the jurisdictional boundaries of IUSD. Highland Elementary School is operated by IUSD who

is charged with administering and implementing all of Highland's special educational programming and services.

24. Plaintiff is informed and believes and thereon alleges that on January 7, 2013, Defendant CARTER operated in a supervisory, administrative capacity while employed by the State of California, Department of Education to ensure, amongst other things, that IUSD's special education programs and services were being properly managed, supervised and implemented.

25. On or about January 7, 2013, while a fourth grade student in Defendant CHOI's class and while supposedly supervised by Defendant JAY, JB was permitted to use the restroom without any adult supervision whatsoever.

26. Given the extent of JB's disabilities and his known vulnerabilities, Defendant JAY was supposed to "shadow" JB to insure he was accessing the curriculum and was safe at all times.

27. On or about January 7, 2013, Defendant JAY had very poor work attendance and was at best, sporadic and inconsistent while allegedly attending to his duties as a special education aide, assigned to JB.

28. On January 7, 2013, JB went to the restroom without adult supervision with two other boys, one of them was SB. Prior to this, SB was known to harass, bully and become physically aggressive with JB. JB often came home from school crying and fearful about SB's relentless aggression. This prompted Plaintiff to complain about SB's aggressive behavior to Defendants BROWN, CHOI and JAY. BROWN, CHOI and JAY continually reassured Plaintiff they would keep a close eye on JB to insure he would not be further victimized by SB's relentless aggression and physical attacks.

29. When JB entered the restroom with SB, SB ordered him to lie on the floor. Once on the floor, SB removed JB's pants and underwear. SB ordered the other child to watch the door to make sure no one entered the restroom.[1] SB then laid atop JB who was face down on the bathroom floor. SB proceeded to violate JB by inserting his erect penis into JB's rectum several times while telling JB he was "making sexy" with him.

[1] The other child in the bathroom with JB was also a victim of SB's bullying and aggression.

30. As SB was violating JB, JB screamed. However, his screams were muffled by SB who place both of his hands over JB's mouth. When SB was finished violating JB, he ordered JB to return to class and not say anything about what occurred to anyone. JB who was extremely fearful of SB, acquiesced to SB's demands[2].

31. On or about April 16, 2013, while in Highland Elementary School Cafeteria, SB unzipped his pants and exposed himself to JB. During this incident Defendant JAY was in the cafeteria, listening to music, wearing headphones and oblivious to what occurred.

32. After the cafeteria incident, JB mustered up the strength to tell Defendants CHOI about SB exposing himself. Plaintiff is informed and believes and thereon alleges that CHOI informed BROWN about the incident but never told JB's mother or father.

33. On or about April 17, 2013, a social worker from the Department of Children and Family Services came to JB's home to inform Plaintiff that JB had been violated by SB in January 2013. During that same visit, Plaintiff was also informed about the cafeteria incident described in paragraph 31.

34. Subsequent to SB's attack upon JB in January 2013, Plaintiff noticed a significant regression in JB's skills, school performance, behavior and sleep patterns. He became aggressive and detached. Plaintiff was very concerned but had no idea what was causing JB to experience such difficulties. Plaintiff spoke to Defendant CHOI about her concerns and was once again promised she would keep a close eye on JB. Although Plaintiff tried to comfort JB, she did not know the cause of the change in his behavior. Plaintiff was also denied the opportunity to seek appropriate attention from qualified medical and other health care professionals because the information about the attack and subsequent exposure was withheld.

35. The social worker's visit on April 17, 2013 was the first notice Plaintiff had of the violent, sexual attack upon her son.

36. Prior to April 17, 2013 and as far back as November 2012, Defendants BROWN and CHOI had notice of SB's sexually aggressive tendencies since they knew SB groped and caressed another child's buttocks as that child was urinating in the boy's restroom.

---

[2] Given JB's communication deficits, it is unlikely he would have sufficient language skills to covey the sexual abuse with particularity.

37. None of the foregoing incidents were documented in writing nor was there adequate notice of these incidents to JB's parents. Despite knowing the severity of the crime that had been committed, not one IUSD staff member contacted JB's mother or father to let them know JB had been a victim of a crime.

38. Once Plaintiff had notice of SB's attack as well as the cafeteria incident, she refused to allow JB to return to Highland Elementary School. Plaintiff immediately spoke with JB and asked him about the incidents whereupon he tearfully confessed, as if he had done something terribly wrong. Plaintiff immediately sought counseling for JB which continues today.

## IV.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF 42 U.S.C. § 1983

## (AGAINST DEFENDANTS CARTER, TAYLOR, BROWN, ALEXANDER, CHOI AND JAY IN THEIR INDIVIDUAL CAPACITIES AND DOES 1-10, INCLUSIVE)

39. Plaintiff hereby realleges and reincorporates each and every allegation in paragraphs 1 through 38 inclusive, as though fully set forth herein.

40. JB has a right to bodily security and integrity as secured by the Fourteenth Amendment Due Process Clause of the United States Constitution. At all times material hereto, Defendants acted under the color of state law and their conduct deprived JB from his federal right to be free from bodily harm and emotional injury.

41. The Substantive Due Process Clause of the Fourteenth Amendment protects students who attend public school from sexual abuse by another student like SB who was known by Defendants to be sexually and physically aggressive.

42. 42 U.S.C.§1983 authorizes suits to redress deprivations of any rights, privileges or immunities secured by the United States Constitution and the laws promulgated thereunder.

43. JB is a member of a limited and specifically identifiable group in that he has severe mental disabilities and was part of the special education program at Highland Elementary School in the IUSD. As such, JB was one of the special education students subjected to the known sexual and physical aggression of SB.

44. At all times relevant, Defendants, in their individual capacities, were directly responsible for the implementation of federal law, state law, board policy and regulations as they relate to the provision of education in a safe environment for JB. Defendant's contact with each other was not remote or infrequent. Rather, the communication between the parties was regular and customary in the due course of managing a large, comprehensive system of special education and related services. Plaintiff is informed and believes and on the basis of such information and belief alleges that the purpose of the regular communication between the Defendants was to apprize one another about problems on the school campus as well as defining remediation for such problems that is student focused and in the best interests of furthering a particular student's education.

45. The Defendants' conduct, specifically knowing about SB's dangerous propensities, placed JB at substantial risk of serious, immediate and proximate harm. Despite this knowledge, Defendants' permitted JB to enter the boy's restroom with SB without adult supervision.

46. Defendants knew or should have known that SB had a history of serious behavioral problems and taken steps to protect other vulnerable students like JB from him. Furthermore, Defendants knew that JB's mental capacities were those of a young child who had difficulty understanding the limits of personal and physical boundaries and was extremely vulnerable to physical and sexual abuse by SB.

47. The risk of SB taking wrongful sexual advantage of JB was known and obvious. Defendants had more than sufficient knowledge that JB was vulnerable and unable to protect himself from such abuse. Defendants knew or should have known that given the opportunity, SB would be in a position to take wrongful advantage of JB. Yet, Defendants, despite knowing that SB fondled another student and had notice from Plaintiff about JB's regressions, failed to provide adequate supervision of SB as he was permitted to use the boy's restroom with JB and another student.

48. Defendants knew or should have known that JB lacked sufficient mental capacity and communication skills to tell others about the details of the abuse he suffered or to take action on his own to stop it. In other words, Defendants knew or should have known that any

abuse would continue unabated unless and until someone other than JB happened to witness and report the abuse. Defendants also failed to properly train relevant staff to immediately report sexual abuse or other assaults upon special needs students.

49. By placing JB in a position to be further vulnerable to SB's aggression, while knowing of JB's vulnerabilities, Defendants acted recklessly and in conscious disregard for JB's safety and well being.

50. Defendants' conduct, when viewed in its totality, shocks the conscience.

51. Defendants' affirmatively placed JB in a position of danger giving rise to a duty to protect under the Due Process Clause. Likewise, Defendants' placed JB in danger of physical and sexual abuse which he would not have otherwise faced. The danger to which Defendants' exposed JB was known and obvious, therefore. Defendants' acted with deliberate indifference to it.

52. Defendants' failed to develop, adopt and implement appropriate policies and procedures regarding the training and supervision of teachers and aides when faced with students who are physically and sexually aggressive thereby posing a danger to other students in their midst. Such failure amounts to deliberate indifference to JB's constitutional rights to bodily security and integrity.

53. When taken as a whole, the official policy of maintaining a student like SB and not reporting abuse, manifests in deliberate indifference. Deliberate indifference is proven by the following: Defendants' failure to diligently supervise and protect special needs students like JB. Defendants' failure to insure the assigned aide was present while discharging his duties as required and Defendants' failure to report physical and sexual abuse in a timely fashion. Thus, the official policies and procedures were the moving force behind the violation of JB's constitutional right to bodily security and integrity.

54. Defendants' created an unreasonably unsafe and dangerous condition for JB which was the direct and legal cause of his damage and harm.

55. JB's constitutional injury resulted from official policies and procedures. Defendants failed to adopt, implement and enforce policies and procedures to protect mentally disabled, vulnerable students like JB.

56. In accordance with 42 U.S.C. §1988, as a further direct and proximate result of the acts and omissions of Defendants', Plaintiff has incurred attorney fees for which payment is authorized, should they prevail in this matter. The full extent of Plaintiff's attorneys fees are not known at this time but will be ascertained with particularity at the conclusion of this case.

57. As a direct and proximate result of the acts and omissions of Defendants', JB has suffered serious physical and emotional injury, trauma, extreme anxiety, physical upset and emotional distress. The full extent of JB's injuries and damages are ongoing and are not known at this time. Plaintiff will articulate the full nature and extent of JB's damages once ascertained with particularity.

V.

**SECOND CLAIM FOR RELIEF**

**VIOLATION OF AMERICANS WITH DISABILITIES ACT**

**(AGAINST IUSD, BOARD AND DOES 1-10)**

58. Plaintiff hereby realleges and reincorporates each and every allegation in Paragraphs 1-57 inclusive, as though fully set forth herein.

59. At all times mentioned, Defendants' were public entities under the ADA which includes state and local government or any department of a State or States' local government.

60. At all times mentioned, JB was and is a qualified individual with a disability pursuant to the ADA and was eligible to be educated by Defendants' named herein.

61. JB's disabilities consist of both mental and emotional impairments that substantially limit him in most major life activities, including education. He had a record of impairments and Defendants' were well aware of them.

62. Defendants' delayed and failed to report JB's sexual abuse for an unreasonable period of time.

63. Plaintiff is informed and believes and thereon alleges that Defendants' have a policy and practice of immediately notifying the parents of non-disabled students who become the victims of sexual assault.

64. Plaintiff is informed and believes and thereon alleges that Defendants' delayed notifying either she or her husband about the harm posed by SB in order to avoid liability

specifically relating to their relationship with JB as his parents.

65. The federal regulations which implement Title II of the Americans With Disabilities Act prohibit discrimination based on an individual's association with a person with a known disability. 28 C.F.R. 35.130(g) states: A public entity shall not exclude or otherwise deny equal service, programs or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.

66. Although Defendants' became aware through its employees and agents in November 2012 that SB sexually assaulted another student in the boy's restroom, they intentionally and inexplicably delayed notifying Plaintiff or her husband of this very real and dangerous condition.

67. Defendants' intentional delay in notifying Plaintiff or her husband of the prior sexual assault when Plaintiff informed them of JB's regression, created an act of discrimination against JB because of his known disabilities.

68. As a direct and proximate result of acts and omissions alleged above, Defendants' denied JB participation in and the benefits of the services of a public entity in violation of Title II of the ADA. As a direct result of Defendants' discriminatory actions, JB was denied appropriate educational and other public services.

69. Defendants' intentionally discriminated against JB and excluded him from the aforementioned services, all of which constituted gross misjudgment, callous disregard, deliberate indifference and bad faith.

70. As a direct and proximate result of the acts and omissions of Defendants', JB has suffered serious physical and emotional injury, trauma, extreme anxiety, physical upset and emotional distress. The full extent of JB's injuries and damages are ongoing and are not known at this time. Plaintiff will articulate the full nature and extent of JB's damages once ascertained with particularity.

//

//

//

VI.

THIRD CLAIM FOR RELIEF

NEGLIGENCE

(AGAINST ALL DEFENDANTS AND DOES 1-10)

71. Plaintiff hereby realleges and reincorporates each and every allegation in Paragraphs 1-70 inclusive, as though fully set forth herein.

72. Defendants' had a duty to exercise reasonable care with respect to the supervision and protection of JB. Defendants' had a duty to use reasonable care to train, supervise and control the safety and welfare of JB during school hours.

73. Defendants' were entrusted with the health and well-being of students like JB who, because of their mental disabilities and special needs, were unable to care for themselves.

74. Defendants' acted negligently in that they allowed SB to remain in proximity to SB without adequate adult supervision once knowing that he posed a physical and sexual risk of harm to him.

75. Defendants' were also negligent in failing to adequately implement training and supervision with respect to students like SB who pose a real and substantial risk to others.

76. Defendants' negligently failed to supervise JB and protect him from being sexually molested while in special education classes at Highland Elementary School.

77. As a direct and proximate result of the acts and omissions of Defendants', JB has suffered serious physical and emotional injury, trauma, extreme anxiety, physical upset and emotional distress. The full extent of JB's injuries and damages are ongoing and are not known at this time. Plaintiff will articulate the full nature and extent of JB's damages once ascertained with particularity.

VII.

FOURTH CLAIM FOR RELIEF

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(AGAINST ALL DEFENDANTS and DOES 1-10)

78. Plaintiff hereby realleges and reincorporate each and every allegation in Paragraphs 1-77 inclusive, as though fully set forth herein.

79. At all times relevant, in accordance with Government Code §§815.2 and 820, a statutory basis for the allegations set forth herein existed. Accordingly, a special relationship was created due to the fact that JB had an inalienable right to be protected and feel safe during the school day. In addition, Defendants possessed an affirmative duty to provide said protection while they were providing education for JB.

80. In light of the foregoing special relationship and the statutory basis therefore, Defendants' possessed an ongoing duty to protect and insure JB's health, safety and well being. Plaintiff further alleges that Defendants' owed JB a heightened duty of care by virtue of their actual notice of his documented disabilities. In light of Defendants'' knowledge of said documented disabilities, they had an additional duty of care to educate and inform any and all educational professionals who came into contact with JB about the nature, extent and sensitivity required in their dealings with him.

81. By maintaining policies and procedures open to abusive interpretation and contrary to a disabled student's best interests, Defendants' conducted themselves in a manner not tolerated within the bounds of decent society. Their conduct was extreme and outrageous in that they knew or should have known that JB had a particular sensitivity and vulnerability to the conduct which they authorized, engaged in, concealed and tacitly consented to.

82. Defendants' acted in a wilful and deliberate manner specifically placing JB at risk for serious bodily harm.

83. Defendants' had actual knowledge of SB's dangerous propensities yet did nothing to protect JB or the other special education students from him.

84. As a direct and proximate result of the acts and omissions of Defendants', JB has suffered serious physical and emotional injury, trauma, extreme anxiety, physical upset and emotional distress. The full extent of JB's injuries and damages are ongoing and are not known at this time. Plaintiff will articulate the full nature and extent of JB's damages once ascertained with particularity.

//

//

//

VIII.

FIFTH CLAIM FOR RELIEF

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(AGAINST ALL DEFENDANTS and DOES 1-10)

85. Plaintiff hereby realleges and reincorporate each and every allegation in Paragraphs 1-84 inclusive, as though fully set forth herein.

86. At all times relevant, in accordance with Government Code §§815.2 and 820, a statutory basis for the allegations set forth herein existed. Accordingly, a special relationship was created due to the fact that JB had an inalienable right to be protected and feel safe during the school day. In addition, Defendants' possessed an affirmative duty to provide said protection while they were providing education for JB.

87. In light of the foregoing special relationship and the statutory basis therefore, Defendants' possessed an ongoing duty to protect and insure JB's health, safety and well being. Plaintiff further alleges that Defendants' owed JB a heightened duty of care by virtue of their actual notice of his documented disabilities. Plaintiff further alleges that in light of Defendant's knowledge of said documented disabilities, they had an additional duty of care to educate and inform any and all educational professionals who came into contact with JB about the nature, extent and sensitivity required in their dealings with JB.

88. By maintaining policies and procedures open to abusive interpretation and contrary to a disabled student's best interests, Defendants' conducted themselves in a manner not tolerated within the bounds of decent society. Their conduct was extreme and outrageous in that they knew or should have known that JB had a particular sensitivity to the conduct which they authorized, engaged in, concealed and tacitly consented to.

89. Defendants' breached their duty to JB by specifically placing him at risk for serious bodily harm and further by concealing the threat of harm from Plaintiff and her husband when informed of JB's regression.

90. Defendants' had actual knowledge of SB's dangerous propensities yet did nothing to protect JB or the other special education students from him.

91. As a direct and proximate result of the acts and omissions of Defendants, JB has

suffered serious physical and emotional injury, trauma, extreme anxiety, physical upset and emotional distress. The full extent of JB's injuries and damages are ongoing and are not known at this time. Plaintiff will articulate the full nature and extent of JB's damages once ascertained with particularity.

**IX.**

**SIXTH CLAIM FOR RELIEF**

**VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1714.1**

**(THE PARENTS OF SB and DOES 1-10, INCLUSIVE)**

92. Plaintiff hereby realleges and reincorporate each and every allegation contained in Paragraphs 1-91 inclusive, as though fully set forth herein.

93. Pursuant to Article III of the United States Constitution and 28 U.S.C. Section 1367, this Court should exercise supplemental jurisdiction over JB's state law claims in that they form part of the same case and controversy as do his federal claims. Moreover, JB's state claims arise from the same common nucleus of operative facts which comprise his federal claims. Supplemental jurisdiction against these Defendants must also be conferred because there are no novel or complex issues of state law and the state law claims do not predominate over JB's federal claims. Accordingly, current case law mandates that this Court be compelled to exercise supplemental jurisdiction over this claim because not one factor in 28 U.S.C.1367(c) exists.

94. The factual basis for the exercise of supplemental jurisdiction lies in the fact that the state law claims arose on school grounds and during school sanctioned activities. Moreover, SB was subject to the policies and procedures allegedly designed to protect vulnerable students like JB. Accordingly, the state law claims should be decided as a matter of law by this Court in order to promote the notion of judicial economy and to render complete justice.

95. PARENTS OF SB possessed an affirmative duty to supervise, counsel and control him whom they knew or should have known that he possessed the propensities to physically and sexually assault JB.

96. California Civil Code §1714.1 imputes liability to parents for any act of wilful

misconduct of their minor children that results in injury or death to another person. Accordingly, PARENTS OF SB be jointly and severally liable for the damages caused to JB resulting from the wilful misconduct of SB.

97. In doing the acts as herein alleged, SB engaged in actions that were volitional, intentional and malicious thereby causing JB to sustain harmful and offensive contact and touching to his body, including inflicting severe and enduring physical and emotional pain, upset and suffering.

98. As a direct and proximate result of the acts and omissions of Defendants, JB has suffered serious physical and emotional injury, trauma, extreme anxiety, physical upset and emotional distress. The full extent of JB's injuries and damages are ongoing and are not known at this time. Plaintiff will articulate the full nature and extent of JB's damages once ascertained with particularity.

**WHEREFORE**, Plaintiff prays for the following relief:

**ON THE FIRST, CLAIM FOR RELIEF:**

1. Special damages in an amount to be determined at the time of trial;
2. General damages in an amount to be determined at the time of trial;
3. Attorneys fees and costs pursuant to 42 U.S.C. §1988;
4. Any and all such other relief which the Court deems just and proper.

**ON THE SECOND, THIRD, FOURTH, FIFTH AND SIXTH CLAIMS FOR RELIEF:**

1. Special damages in an amount to be determined at the time of trial;
2. General damages in an amount to be determined at the time of trial;
3. Attorneys fees and costs;
4. Any and all such other relief which the Court deems just and proper.

Dated: November 11, 2013

Respectfully submitted,

Andrea M. Tytell,
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge Michael W. Fitzgerald and the assigned Magistrate Judge is Jay C. Gandhi .

The case number on all documents filed with the Court should read as follows:

**2:13CV8370 MWF JCGx**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

November 20, 2013
Date

By J.Prado
Deputy Clerk

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☒ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

VOCHA BLAKE as Parent/Guardian ad Litem of JB,

*Plaintiff(s)*

v.

See Attachment "1"

*Defendant(s)*

Civil Action No. CV13-8370 MWF (JCGx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Inglewood Unified School District, Board of Education for Inglewood Unified School District, La Tanya Kirk-Carter, Kent Taylor, Tia Belt-Brown, Dr. Gregory Alexander, Becky Choi, Jarod Jay - 401 Inglewood Ave., Inglewood, CA 90301; Parents of SB -unknown (pending discovery)

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Andrea M. Tytell, Attorney at Law
LAW OFFICES OF ANDREA M. TYTELL
2121 Rosecrans Avenue, Suite 1350
El Segundo, California 90245
Telephone: (310) 416-9710

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: NOV 20 2013

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❐ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❐ I returned the summons unexecuted because ______________________ ; or

❐ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Attachment "1"

INGLEWOOD UNIFIED SCHOOL DISTRICT; THE BOARD OF EDUCATION FOR INGLEWOOD UNIFIED SCHOOL DISTRICT; LA TANYA KIRK-CARTER, individually and in her official capacity as State Administrator and Assistant Superintendent of Business Services for Inglewood Unified School District; KENT TAYLOR, individually and his official capacity as Superintendent of Inglewood Unified School District; TIA BELT-BROWN, individually and in her official capacity as Principal of Highland Elementary School; DR. GREGORY ALEXANDER, individually and in his official capacity as Director of Special Education for Inglewood Unified School District; BECKY CHOI, individually and in her official capacity as Special Education Teacher for Inglewood Unified School District; JAROD JAY, individually and in his official capacity as Special Education Aide; PARENTS OF SB, a Minor and DOES 1 through 10, inclusive,

Defendants.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [ ] )

VOCHA BLAKE as Parent and Guardian ad Litem of JB

**DEFENDANTS** ( Check box if you are representing yourself [ ] )

INGLEWOOD UNIFIED SCHOOL DISTRICT, et al.

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
Andrea M. Tytell
Law Offices of Andrea M. Tytell
2121 Rosecrans Ave., Ste. 1350, El Segundo, CA
Phone: (310) 416-9710

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

[ ] 1. U.S. Government Plaintiff
[X] 3. Federal Question (U.S. Government Not a Party)
[ ] 2. U.S. Government Defendant
[ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

[X] 1. Original Proceeding
[ ] 2. Removed from State Court
[ ] 3. Remanded from Appellate Court
[ ] 4. Reinstated or Reopened
[ ] 5. Transferred from Another District (Specify)
[ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No

[X] **MONEY DEMANDED IN COMPLAINT:** $ To be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. §1983; Title II of the Americans With Disabilities Act. JB, a minor with autism was permitted to use the boys restroom without required adult supervision. While in the restroom JB was sexually assaulted by a known bully, as he was forced to lie on the bathroom floor face down while being penetrated anally.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 400 State Reapportionment | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 410 Antitrust | [ ] 130 Miller Act | [ ] 290 All Other Real Property | **TORTS PERSONAL PROPERTY** | [ ] 510 Motions to Vacate Sentence | [ ] 840 Trademark |
| [ ] 430 Banks and Banking | [ ] 140 Negotiable Instrument | **TORTS PERSONAL PROPERTY** | [ ] 370 Other Fraud | [ ] 530 General | **SOCIAL SECURITY** |
| [ ] 450 Commerce/ICC Rates/Etc. | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 310 Airplane | [ ] 371 Truth in Lending | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) |
| [ ] 460 Deportation | [ ] 151 Medicare Act | [ ] 315 Airplane Product Liability | [ ] 380 Other Personal Property Damage | **Other:** | [ ] 862 Black Lung (923) |
| [ ] 470 Racketeer Influenced & Corrupt Org. | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 320 Assault, Libel & Slander | [ ] 385 Property Damage Product Liability | [ ] 540 Mandamus/Other | [ ] 863 DIWC/DIWW (405 (g)) |
| [ ] 480 Consumer Credit | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 330 Fed. Employers' Liability | **BANKRUPTCY** | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI |
| [ ] 490 Cable/Sat TV | [ ] 160 Stockholders' Suits | [ ] 340 Marine | [ ] 422 Appeal 28 USC 158 | [ ] 555 Prison Condition | [ ] 865 RSI (405 (g)) |
| [ ] 850 Securities/Commodities/Exchange | [ ] 190 Other Contract | [ ] 345 Marine Product Liability | [ ] 423 Withdrawal 28 USC 157 | [ ] 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| [ ] 890 Other Statutory Actions | [ ] 195 Contract Product Liability | [ ] 350 Motor Vehicle | **CIVIL RIGHTS** | **FORFEITURE/PENALTY** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 891 Agricultural Acts | [ ] 196 Franchise | [ ] 355 Motor Vehicle Product Liability | [ ] 440 Other Civil Rights | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 893 Environmental Matters | **REAL PROPERTY** | [ ] 360 Other Personal Injury | [ ] 441 Voting | [ ] 690 Other | |
| [ ] 895 Freedom of Info. Act | [ ] 210 Land Condemnation | [ ] 362 Personal Injury-Med Malpratice | [ ] 442 Employment | **LABOR** | |
| [ ] 896 Arbitration | [ ] 220 Foreclosure | [ ] 365 Personal Injury-Product Liability | [ ] 443 Housing/Accomodations | [ ] 710 Fair Labor Standards Act | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | [ ] 230 Rent Lease & Ejectment | [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability | [ ] 445 American with Disabilities-Employment | [ ] 720 Labor/Mgmt. Relations | |
| [ ] 950 Constitutionality of State Statutes | | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 446 American with Disabilities-Other | [ ] 740 Railway Labor Act | |
| | | | [X] 448 Education | [ ] 751 Family and Medical Leave Act | |
| | | | | [ ] 790 Other Labor Litigation | |
| | | | | [ ] 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: CV13-8370

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| **Question A: Was this case removed from state court?** ☐ Yes ☒ No | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| If "no, " go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| **Question B: Is the United States, or one of its agencies or employees, a party to this action?** ☐ Yes ☒ No | If the United States, or one of its agencies or employees, is a party, is it: A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| If "no, " go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| **Question C: Location of plaintiffs, defendants, and claims?** | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. →

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ↓

Your case will initially be assigned to the WESTERN DIVISION.
Enter "Western" in response to Question D below.

| **Question D: Initial Division?** | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: → | WESTERN DIVISION |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] NO [ ] YES

If yes, list case number(s): ____________________

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] NO [ ] YES

If yes, list case number(s): ____________________

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
[ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** Andrea M. Fytell DATE: November 11, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |